**TECHNICAL FUR PATENTS, Inc., v. REIN.**
No. 7546.

District Court, E. D. New York.
May 28, 1936.

Evarts, Lemlein & Wolsky, of New York City, for plaintiff.

Norman J. Steinberg, of New York City, for defendant.

BYERS, District Judge.

This is a suit in equity under letters patent No. 1,566,066. The defendant is charged with having infringed and the answer is a general denial only.

The proof relied upon to establish infringement is not deemed sufficient.

The patent contains seven claims, of which only the last is in issue. The first six have to do with a process for dyeing "a dressed or tanned skin or pelt having straight hair or fur on it, of white or light colors * * * to imitate two or more skins of fur-bearing animals, each of which, in its natural state, has a stripe or grotzen running down the center of the back and a color tone shading off to a lighter color, or to white, on the balance of the skin."

The skins so imitated are those of ermines, weasels, mink, sables, etc.

The product claim No. 7 is:

"7. A dressed or tanned straight-haired pelt dyed to imitate a plurality of pelts of a fur-bearing animal which has, in its natural state, a stripe or grotzen running down the center of the back and a color tone shading off to a lighter color, or to white, on the balance of the skin."

The evidence is that a collar and cuff set of undyed fur was left with the defendant for dyeing, i. e., coloring so as to simulate the appearance of such articles made of natural mink. By a free-hand brush process of coloring these articles with dye, he rendered the services he was hired to perform, and was paid a small sum therefor.

The articles which were delivered to him did not constitute a pelt, or a plurality of pelts, but were parts of garments which had been cut apparently to constitute wearing apparel.

The evidence sufficiently establishes that he had been following the vocation in question for a number of years, at least seven, prior to the filing of the application for the patent.

If the answer had properly set up the prior art, probably the validity of the patent, in the light thereof, would have presented a serious question.

Because of the unsatisfactory condition of the issues in that aspect of the case, and the interested quality of the testimony as to the state of the art when the application was filed on August 10, 1925, it is preferred to say nothing on the subject be-

cause of other litigation pending in the Southern District in which thorough exploration may be possible.

It is thought that the plaintiff was responsible for causing the defendant to fill the order that was placed with him for coloring the articles of wearing apparel in question, and that he did nothing more than perform the required services; he did not make a pelt, or plurality of pelts, and he did not use or sell either. For failure of proof of infringement by the defendant of the plaintiff's patent, the bill will be dismissed with costs.

Settle decree.